■ The People of the State of New York, Appellant, v Warner A. Morris, Respondent. — Order unanimously affirmed. Memorandum: An indictment which alleges one count of rape and one count of sodomy, and alleges in each count that the crime was committed "during the month of November 1980", is not subject to dismissal as defective under CPL 200.50 (subd 6) if it is supplemented by a bill of particulars which, with reasonable particularity, sets forth the date or period of time when each crime was committed (see *People v Iannone,* 45 NY2d 589, 597-598; *People v Fitzgerald,* 45 NY2d 574, 579-580; *People v Bogdanoff,* 254 NY 16; see, also, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.50, p 461). To the extent that language in *People v Pries* (81 AD2d 1039) may be read to state a contrary rule, it is rejected. Nonetheless, the indictment here was properly dismissed with leave to resubmit the charges to another Grand Jury. The bill of particulars submitted by the prosecutor refines the indictment only to the extent of asserting that the respective crimes were committed between November 7, 1980 and November 30, 1980. Read together, the indictment and bill

of particulars fail to comply with the mandate and purpose of CPL 200.50 (subd 6), and present a danger that defendant will be deprived of an adequate opportunity to prepare a defense (see *People v Iannone, supra,* pp 599-600; *People v Fitzgerald, supra;* cf. *People v Bogdanoff, supra*). (Appeal from order of Cattaraugus County Court, Horey, J. — dismiss indictment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.