■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY FAUX, Appellant. — Judgment unanimously reversed, on the law, and indictment dismissed, with leave to the People to resubmit the charges to another Grand Jury. Memorandum: Defendant was charged in an indictment accusing him of 335 sex crimes involving the rape, sodomy and sexual abuse of his adopted daughter and two young foster daughters. The incidents allegedly occurred in a random pattern at least once a month on unspecified dates during the four-year period prior to his arrest. Each count of the indictment charged defendant with committing a specific sexual offense against one particular victim occurring "on or about and during" a certain month and year within the period in question. Prior to trial, defendant made a demand for a bill of particulars specifying with more particularity the dates on which the alleged offenses occurred. The People, however, responded that it was "impossible to provide information as to the exact dates and times of the alleged sexual assaults." Defendant's motion to dismiss the indictment on the grounds that it lacked specificity and that it was duplicitous, i.e., it impermissibly charged more than one crime per count, was denied. At the close of the People's case, nearly 200 counts of the indictment alleging sexual assaults on one of defendant's former

foster daughters were dismissed because that victim failed to testify. On the remaining 140, two of the young victims testified that they were forcibly raped and sodomized by the defendant on many occasions over a prolonged period of time. With respect to those charges, the trial court, pursuant to CPL 300.40, submitted representative counts to the jury for their consideration. The court selected the chronologically first "offense-month" count per victim as set forth in the indictment. Those submitted counts did not, however, necessarily correspond to the incident most prominently recalled by the witnesses at trial, nor to those incidents to which the victims and corroborating witnesses were able to affix a month of occurrence. In addition, over defendant's objection, the trial court instructed the jury that, although only the chronologically first offense-month charges were being submitted as representative charges, they could consider any offense which might have occurred during the time period charged in the indictment with respect to that category of offense against that victim. The jury thereafter convicted defendant of several counts of rape in the first degree (Penal Law, § 130.35), rape in the second degree (Penal Law, § 130.30), sexual abuse in the first degree (Penal Law, § 130.65), sexual abuse in the second degree (Penal Law, § 130.60), and sodomy in the first degree (Penal Law, § 130.50). On appeal, defendant contends that reversal is warranted because the indictment was both factually insufficient and jurisdictionally defective for duplicity and lack of specificity. We agree. Although an indictment which alleges that a crime was committed during a particular month and year is not subject to dismissal as defective under CPL 200.50 (subd 6) if it is supplemented by a bill of particulars which, with reasonable particularity, sets forth the date or period of time when each crime was committed (*People v Morris,* 94 AD2d 959; see, also, *People v Iannone,* 45 NY2d 589, 597-598; *People v Fitzgerald,* 45 NY2d 574, 579-580; *People v Bogdanoff,* 254 NY 16; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.50, p 461), here the People were unable to supply a bill of particulars to remedy the indictment's failure to designate the dates of the offenses for which defendant was being charged. In addition, each count of the indictment alleged only one sexual offense within a particular month based upon Grand Jury testimony alleging a random pattern of sexual molestations committed once or twice a month. While there is authority that repeated acts of sexual molestation of one's own children may be treated as a continuous crime (*People v Barlow,* 88 AD2d 668), we have previously held that "multiple rapes of the same victim do not constitute a continuing offense, rather each act of intercourse is a separate and distinct offense" (*People v Pries,* 81 AD2d 1039, 1039-140). Accordingly, the indictment must be dismissed as defective for lack of specificity and for duplicity in charging more than one offense per count (CPL 200.30, subd 1). We also note the erroneous manner in which the court submitted the representative counts to the jury. While it was proper, because of the number of counts and complexity of the indictment, for the court in its discretion to submit representative counts to the jury (CPL 300.40, subd 6, par [b]), the court impermissibly allowed the jury to consider whether any offenses were committed during time periods covered by counts which were not submitted. The counts as submitted by the trial court were, in effect, composite counts and thus compounded the lack of specificity in the indictment. In instructing the jury that it could consider any crime which might have occurred during the time covered by the nonsubmitted counts as well as the representative count, the jury may well have convicted defendant of nonsubmitted crimes. We have considered defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J. — rape, first degree, and other offenses.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.