THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TIMOTHY FAUX, Appellant.

Fourth Department, January 23, 1987

APPEARANCES OF COUNSEL

*Andrews, Pusateri, Brandt, Shoemaker, Higgins & Roberson (Thomas H. Brandt* of counsel), for appellant.

*Peter L. Broderick, District Attorney (Betsy Glaser Hurley* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J. P.

On June 11, 1981, the Niagara County Grand Jury returned indictment No. 7014 charging defendant with 340 counts of raping, sodomizing and sexually abusing his young foster daughters and his adopted daughter. The incidents allegedly occurred over a four-year period of time prior to defendant's arrest. Each count of the indictment, excluding five counts of endangering the welfare of a minor, alleged that the defendant committed a violation of a specified sexual offense under the Penal Law against one particular victim during a particular month during the period in question.

At the conclusion of the People's case on the trial, nearly 200 counts of that indictment alleging sexual assaults on one of his foster daughters were dismissed because that victim failed to testify. Of the remaining counts, the court, pursuant to CPL 300.40, submitted representative counts to the jury for their consideration. Defendant was convicted of certain of those representative counts and acquitted of others.

On appeal from that conviction defendant maintained that (1) reversal was necessary because the indictment was both factually insufficient and jurisdictionally defective for duplicity and lack of specificity; (2) the court erred in the manner in which the representative counts were submitted to the jury. We agreed. We noted that "[w]hile it was proper, because of the number of counts and complexity of the indictment, for the court in its discretion to submit representative counts to the jury (CPL 300.40, subd 6, par [b]), the court impermissibly allowed the jury to consider whether any offenses were committed during time periods covered by counts which were not submitted. The counts as submitted by the trial court were, in effect, composite counts and thus compounded the lack of specificity in the indictment. In instructing the jury that it could consider any crime which might have occurred during the time covered by the nonsubmitted counts as well as the representative count, the jury may well have convicted defendant of nonsubmitted crimes." *(People v Faux,* 99 AD2d 654,

655, *lv denied* 62 NY2d 649.) Thus, we reversed defendant's conviction and dismissed that indictment, with leave to the People to resubmit the charges to another Grand Jury *(People v Faux, supra).*

Upon resubmission to the Niagara County Grand Jury, defendant was charged in indictment No. 7940 with 29 counts of rape, sodomy and sexual abuse involving two of these children. Following a jury trial, defendant was convicted on all counts contained in this indictment. Defendant appeals.

On this appeal, defendant contends that: (1) the charges which were not submitted to the jury as representative counts at his first trial were deemed dismissed and thus defendant's reprosecution on counts 9 through 17 and 21 through 29 of the second indictment was barred by double jeopardy; (2) at defendant's first trial, he was acquitted of charges based on the same conduct as contained in counts 2, 4 and 8 of the second indictment and thus his reprosecution on those charges was barred by double jeopardy; (3) in the alternative, counts 1 through 8 of the second indictment were new crimes that were barred by the Statute of Limitations; (4) counts 1 through 8 and 10 should have been barred by CPL 40.40 which bars the separate prosecution of jointly prosecutable offenses; (5) defendant was prejudiced by trial on charges which should have been barred by double jeopardy or CPL 40.40 grounds; (6) defendant was prejudiced by the prosecutor's reference in her opening statement to uncharged crimes (counts [200] previously dismissed); and (7) the evidence with respect to counts 9 through 11 and 21 through 26 was legally insufficient to establish defendant's guilt.

The general principles of double jeopardy are well known and need not be repeated herein. These principles do not, however, always foreclose the retrial of a defendant on the same charges. As we stated in *Matter of De Canzio v Kennedy* (67 AD2d 111, 116) "[a] defendant has a valued right to have a single trial, but when he affirmatively adopts a course of action by appeal, motion or mistrial, in which he requests that his case be heard by another Judge or jury, he cannot use the double jeopardy clause to erect a barrier to a second prosecution."

We agree with defendant that counts 2, 4 and 8 of this indictment must be dismissed on the grounds of double jeopardy as defendant was previously acquitted on those counts.

We disagree, however, with defendant's claim that charges not submitted to the jury as representative counts at his first trial were deemed dismissed and that his reprosecution on these charges is barred by double jeopardy.

Although it is true that counts not submitted to a jury as representative counts are "deemed" dismissed pursuant to CPL 300.40 (7), here, as we have previously ruled, defendant's first indictment was jurisdictionally defective and the court erred in the manner in which it submitted the representative counts to the jury for their consideration *(People v Faux, supra)*. Thus, although these nonsubmitted counts may have been "deemed to have been dismissed by the court" pursuant to CPL 300.40 (7), they were not counts on which the "defendant was acquitted or deemed to have been acquitted" (CPL 470.55 [1]). Accordingly, on resubmission of this matter to another Grand Jury in accordance with our order entered following defendant's prior appeal, the People properly submitted offenses contained in the first indictment, but not considered by the jury as representative counts *(see,* CPL 470.55 [1]).

Thus, notwithstanding the provisions of CPL 300.40 (7), we conclude that dismissal of the counts not submitted as representative counts at defendant's first trial does not, on the facts of this case, preclude reindictment and retrial of the nonsubmitted charges on the grounds of double jeopardy (CPL 40.30 [4]; *see, People v Key,* 45 NY2d 111; *People v Gonzalez,* 81 AD2d 838, *appeal dismissed* 54 NY2d 834; *cf. People v Darrisaw,* 68 AD2d 822, 823-824, *revd on other grounds* 49 NY2d 786).

While we have not specifically addressed every issue raised, we have reviewed the other claims of error raised by defendant and find them to be without merit.

Accordingly, defendant's conviction on counts 2, 4 and 8 of the indictment should be reversed, those counts of the indictment should be dismissed, and the sentence imposed thereon should be vacated.

DOERR, DENMAN, PINE and BALIO, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with opinion by Callahan, J. P.