■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 25, 1984, convicting him of attempted murder in the first degree (two counts), criminal possession of a weapon in the second degree, reckless endangerment in the first degree (two counts), criminal possession of stolen property in the first degree and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quantity and quality to establish the defendant's guilt beyond a reasonable doubt. The two police officer victims separately identified the defendant in a lineup and such identifications by police officers, who are trained to carefully view and identify suspects, are entitled to great weight *(see, People v Morales,* 37 NY2d 262)*.

Further, while the court erred in precluding the defendant from calling a defense witness, Mr. Mahamed, who would have testified that he had spoken with the defendant and his alibi witness approximately one hour after the commission of the crime, this error does not require a reversal. The defendant had testified that he was at his friend's house at the time the crime was committed and had joined the crowd that appeared near the scene of the crime when shots were heard. His friend corroborated this account. The defendant further testified that he had spoken to Mr. Mahamed, his neighbor, near the scene and had inquired as to what was happening. As Mahamed's testimony would not have accounted for the defendant's whereabouts during the crime or placed him away from the crime scene shortly thereafter *(see, People v Cuevas,* 67 AD2d 219), he was not an alibi witness (CPL 250.20). Thus, the defendant was not required to include his name in his notice of alibi and he should have been permitted to call him as a witness. However, in light of the overwhelming evidence of guilt, this testimony concerning the defendant's presence near the scene of the crime approximately one hour after its commission was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.