■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TOLLE, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was convicted of 58 counts of sodomy in the second degree and 29 counts of endangering the welfare of a child. The convictions for sodomy must be vacated. There is no dispute that the original four-count indictment was defective for duplicity, i.e., it impermissibly charged more than one crime per count *(see,* CPL 200.30 [1]; *People v Faux* 99 AD2d 654, *lv denied* 62 NY2d 649). The court properly allowed the People to amend the original indictment to cure this defect *(see,* CPL 200.70, 210.25 [1]; *People v James,* 98 AD2d 863). The amended indictment contained 66 counts of sodomy in the second degree (Penal

Law § 130.45) as well as other related charges. Each of the sodomy counts was identical, except for the time period and particular act of deviate sexual intercourse involved. By using the language "once, or more than once" in each count, the amended indictment is still duplicitous and fails to comply with the requirements of CPL 200.30 (1) as to those counts *(People v Keindl,* 68 NY2d 410). Thus, each of the 58 convictions for sodomy in the second degree must be vacated and those counts dismissed with leave to the People, if so advised, to resubmit the charges to another Grand Jury *(People v Keindl, supra; People v Faux, supra).*

"Endangering the welfare of a child, unlike sodomy and sexual abuse, is a crime that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" *(People v Keindl, supra,* at 421). Therefore, the indictment insofar as it accused defendant of endangering the welfare of a child was not duplicitous and those convictions are affirmed. (Appeal from judgment of Livingston County Court, Cicoria, J. —sodomy, second degree, and another charge.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.