■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED EVANS, Appellant. [734 NYS2d 244] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 18, 1998, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of attempted murder in connection with a shooting in Queens County. Due to the defendant's failure to provide alibi notice pursuant to CPL 250.20 (1), the trial court precluded testimony by the defendant's father that the defendant made a collect call to him from Virginia approximately 10 hours after the shootings.

Contrary to the Supreme Court's determination, the proffered evidence, which would not have accounted for the defendant's whereabouts during the crime or placed him away from the crime scene shortly thereafter, was not an alibi. Therefore, the defendant was not required to include the witness's name on a notice of alibi (*see, People v Bennett,* 128 AD2d 540; *People v Cuevas,* 67 AD2d 219).

Since the evidence against the defendant was not overwhelming, the improper preclusion of this testimony was not harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242).

In light of our decision to reverse the judgment and order a new trial, we do not reach the defendant's remaining contentions. Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.