■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITLEY, Appellant. [876 NYS2d 53]—

Order, Supreme Court, New York County (William A. Wetzel, J.), entered on or about April 16, 2007, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court (Laura E. Drager, J.), rendered April 18, 2002, convicting him, after a jury trial, of murder in the second degree and sentencing him to a term of 22 years to life, unanimously affirmed.

The court properly denied, on the merits, defendant's CPL 440.10 motion asserting ineffective assistance of counsel. We conclude that defendant received effective assistance under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).

Defendant's principal claim is that when the testimony a prosecution witness gave at defendant's first trial was admitted on retrial due to the witness's assertion of his Fifth Amendment privilege, defendant's counsel should have sought to introduce evidence that the witness had recanted his prior testimony between the two trials. "Had trial counsel attempted to get the statements before the jury, he would undoubtedly have been rebuffed, and we cannot fault him for not trying" (People v Stultz, 2 NY3d 277, 287 [2004]). Counsel's failure to seek admission of the recantation statements was objectively reasonable.

As we stated in an alternative holding on defendant's direct appeal (14 AD3d 403, 405 [2005], lv denied 4 NY3d 892 [2005]), the recantation evidence was inadmissible (Mattox v United States, 156 US 237, 244-250 [1895]). Mattox remains part of this State's evidentiary law and it is applicable to the present fact pattern (see Prince, Richardson on Evidence § 8-111 [Farrell 11th ed]). Since the witness had become unavailable, defendant was unable to lay a foundation for the admission of the recantations by asking the witness about them. The fact that the recantations were made in open court on the record did not

satisfy the foundational requirement; in this case, as discussed below, the need to explore with the witness the precise nature of the purported recantation was particularly acute since the recantation statements were unclear and inconsistent.

Furthermore, the recantations were not admissible because of defendant's right to confront witnesses or his right to present a defense, and counsel's failure to present such theories was also not objectively unreasonable. *Mattox* does not support defendant's Confrontation Clause argument. Moreover, the recantations not only lacked "sufficient indicia of reliability" (*People v Stultz*, 2 NY3d at 286), but "there is overwhelming reason to question the statements' genuineness" (*Bagby v Kuhlman*, 932 F2d 131, 136 [2d Cir 1991], *cert denied* 502 US 926 [1991]). In addition to the principle that "[t]here is no form of proof so unreliable as recanting testimony" (*People v Shilitano*, 218 NY 161, 170 [1916]), we note that the witness's first attempt at recantation was cast in terms of a lack of recollection, and the witness contradicted himself about whether he lacked recollection of *making* a statement to a detective, of the *contents* of that statement, or of the facts *underlying* the statement. Then, in a second attempt at recantation made through his attorney, he no longer claimed a lack of recollection, but instead claimed he had been uncertain all along about the matters to which he had testified at the first trial.

We also find that, regardless of whether defendant's counsel should have sought to introduce the recantation evidence, or whether it should have been admitted, its absence did not deprive defendant of a fair trial or cause him any prejudice. As we stated in an alternative holding on the direct appeal, "there is no reasonable possibility that its introduction would have affected the verdict" (14 AD3d at 405). The recantations lacked probative value, and, as we observed in discussing the weight of the evidence supporting the conviction, even though the witnesses' credibility was challenged, "defendant admitted his guilt to four persons on separate occasions. The accounts of the four men generally harmonized with each other, as well as with other evidence, and there was no evidence of collusion" (*id.* at 404).

Defendant's other ineffective assistance claims are without merit. The record establishes that a third-party culpability defense would have been unavailing because of documentary evidence that the alternate suspect was hospitalized at the time of the crime, and that further investigation of such a defense was not warranted. The motion court properly relied, among other things, on counsel's assertions regarding his general practice (*see Carrion v Smith*, 549 F3d 583, 585, 590 [2d Cir 2008]) in

correctly determining that defense counsel provided appropriate advice to his client regarding the possibility of pleading guilty (*see Purdy v United States*, 208 F3d 41 [2d Cir 2000]). Concur— Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.