# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

30

KA 08-01991

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RAYLAND L. HICKS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 28, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, aggravated sexual abuse in the second degree and aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, two and four of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]), aggravated sexual abuse in the second degree (§ 130.67 [1] [a]), and aggravated criminal contempt (§ 215.52 [1]). Defendant's contention that a mistrial should have been granted when the victim's testimony was bolstered is unpreserved for our review inasmuch as defendant did not ask for a further curative instruction after County Court sustained his objection to the admissibility of the testimony, nor did he renew his motion for a mistrial (*see* CPL 470.05 [2]; *see also People v Jones*, 219 AD2d 736, 736, *lv denied* 86 NY2d 873). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the court abused its discretion in denying his motion to file a late alibi notice with respect to a certain defense witness (*see* CPL 250.20 [1]; *People v Owens*, 26 AD3d 816, *lv denied* 7 NY3d 755, 760). We agree with defendant, however, that the court erred in precluding the testimony of that same defense witness concerning defendant's presence and activity at least one hour before the crimes occurred. The crimes occurred at 11:45 P.M. on September 4, 2007. The victim knew

defendant from a previous relationship, and they had a child together. According to defendant's trial testimony, the victim telephoned him earlier in the evening, demanding money for child support.  Defendant testified that he drove to the victim's residence with the witness in question at approximately 10:30 P.M. to deliver some money to the victim and that, while in the residence, he observed another "dude" there.  Defendant further testified that, after remaining at the residence for a few minutes, defendant then left.

According to the victim's trial testimony, however, she had not seen defendant since August 2007 until the night of the crimes and did not telephone him that night.  The victim's testimony made no mention of any other person being present in her residence that evening, and she indicated that she was napping on the couch at the time of and prior to the crimes.  Thus, the proposed testimony of defendant's witness would have directly contradicted the victim's version of events leading up to the crimes.

We agree with defendant that the proposed testimony of the defense witness in question did not constitute alibi testimony. Indeed, an alibi defense is defined in CPL 250.20 (1) as "a trial defense that *at the time of the commission of the crime[s]* charged [defendant] was at some place or places other than the scene of the crime" (emphasis added).  Adhering to that statutory definition and the limited time frame encompassed by its express language, the proposed testimony of the defense witness "would not have accounted for the defendant's whereabouts during the crime[s] or placed him away from the crime scene shortly thereafter," and thus he was not in fact offering alibi testimony (*People v Bennett*, 128 AD2d 540, 540, *lv denied* 69 NY2d 1001; *see People v Evans*, 289 AD2d 417, *lv denied* 98 NY2d 637).  We reject the People's contention that the proposed testimony would "implicate an alibi" and cause the jury to speculate that defendant had an alibi defense.  "[T]he fact that such [testimony] may, in addition to its intended purpose, also be taken as circumstantial alibi evidence does not require that alibi notice be given" (*People v Green*, 70 AD3d 39, 44).  Thus, we conclude that the court's preclusion of the testimony of the defense witness in question was an abuse of discretion that violated defendant's constitutional right to call witnesses – "a right 'recognized as essential to due process' " (*id.* at 45, quoting *Chambers v Mississippi*, 410 US 284, 294).  It cannot be said in light of the less than overwhelming evidence of defendant's guilt that there is "no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237).

In view of our determination to grant a new trial, there is no need to consider defendant's remaining contentions.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court