# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

200

KA 12-01787

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK K. GOUPIL, DEFENDANT-APPELLANT.

---

LEONARD G. TILNEY, JR., LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered February 17, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of three counts of predatory sexual assault against a child (Penal Law § 130.96), defendant contends that County Court erred in refusing to permit him to introduce evidence of the victim's prior sexual conduct pursuant to CPL 60.42. We reject that contention. The evidence in question does " 'not fall within any of the exceptions set forth in CPL 60.42 (1) through (4), and defendant failed to make an offer of proof demonstrating that such evidence was relevant and admissible pursuant to CPL 60.42 (5)' " (*People v Wright*, 37 AD3d 1142, 1143, *lv denied* 8 NY3d 951; *see People v Halter*, 19 NY3d 1046, 1049).

We also conclude that defendant failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct during summation (*see* CPL 470.05 [2]; *People v Brown*, 94 AD3d 1461, 1462, *lv denied* 19 NY3d 955). In any event, defendant's contention is without merit because the prosecutor's comments were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915).

Defendant failed to preserve for our review his further contention that he was denied a fair trial based on the testimony of an expert with respect to child sexual abuse accommodation syndrome (CSAAS) (*see People v Lawrence*, 81 AD3d 1326, 1327, *lv denied* 17 NY3d

797) and, in any event, that contention is without merit. "Expert testimony concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse where, as here, the testimony is general in nature and does 'not attempt to impermissibly prove that the charged crimes occurred' " (*People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025, quoting *People v Carroll*, 95 NY2d 375, 387).

We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude on the record before us that defendant received meaningful representation (*see generally People v Flores*, 84 NY2d 184, 187; *People v Baldi*, 54 NY2d 137, 147). Insofar as defendant contends that defense counsel was ineffective in her cross-examination of the victim, we conclude that " '[s]peculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel' " (*People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922). Contrary to his further contention, "[d]efendant was not denied effective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments by the prosecutor on summation inasmuch as those comments did not constitute prosecutorial misconduct" (*People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806). Finally, the sentence is not unduly harsh or severe.

Entered: March 15, 2013
Frances E. Cafarell
Clerk of the Court