# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

736

KA 13-00168

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

RAYLAND L. HICKS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered December 12, 2012. The judgment convicted defendant, upon a nonjury verdict, of burglary in the first degree, aggravated sexual abuse in the second degree and aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, two and four of the indictment.

Memorandum: Defendant appeals from a judgment, following a bench trial conducted upon remittitur from this Court (*People v Hicks*, 94 AD3d 1483), convicting him of burglary in the first degree (Penal Law § 140.30 [2]), aggravated sexual abuse in the second degree (§ 130.67 [1] [a]), and aggravated criminal contempt (§ 215.52 [1]). The conviction stems from defendant's alleged physical and sexual assault of his former girlfriend (victim). During the pendency of defendant's first appeal, the victim advised defendant's trial counsel that she had lied during her testimony when she testified that defendant committed the above crimes, and that the crimes were committed instead by a person whom she knew only by his "street name." The conversation between defense counsel and the victim was recorded in the presence of defense counsel's employee, and that employee transcribed the conversation. The victim, however, failed to return to defense counsel's office to sign an affidavit regarding her recantation. The People thereafter acknowledged that the victim told the prosecutor that she had lied during the first trial, but that she did not want to testify at the second trial. The victim appeared at the second trial with her attorney and exercised her Fifth Amendment right to remain silent. County Court determined that the victim was not available to testify and permitted the People to admit in evidence a transcript of the victim's testimony from the first trial (see CPL 670.10 [2] [a]).

Contrary to defendant's contention, the court did not err in denying his request to use the victim's hearsay recantation to impeach her credibility inasmuch as no foundation could be laid for the admission of that evidence (*see People v Whitley*, 61 AD3d 423, 423, *lv denied* 12 NY3d 922; Jerome Prince, Richardson on Evidence § 8-111 [Farrell 11th ed 1995]).  We agree with the holding by the First Department in *Whitley* that the victim's recantation is inadmissible pursuant to *Mattox v United States* (156 US 237, 244-250), which "remains part of this State's evidentiary law" (*Whitley*, 61 AD3d at 423).  The Supreme Court explained that, "before a witness can be impeached by proof that he [or she] has made statements contradicting or differing from the testimony given by him [or her] upon the stand, a foundation must be laid by interrogating the witness himself [or herself] as to whether he [or she] has ever made such statements" (*Mattox*, 156 US at 245-246).  The Court of Appeals concluded similarly in *People v Hines* (284 NY 93, 115, *overruled in part on other grounds by People v Kohut*, 30 NY2d 183, 184), that "[t]he law is well settled that a[n unavailable] witness whose prior testimony is admitted may not be impeached by showing alleged contradictory or inconsistent statements or alleged declarations that the prior testimony was false."  Thus we conclude that, because the victim was cross-examined at the first trial, her credibility could not be impeached at the second trial by the admission of hearsay evidence that she later recanted the testimony implicating defendant unless a foundation was first laid by questioning the victim about the alleged recantation (*see Mattox*, 156 US at 245-246; *see also Hines*, 284 NY at 115).  Defendant failed to preserve for our review his contention that his Fourteenth Amendment rights to due process were violated by his inability to impeach the credibility of the victim and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's further contention that his Sixth Amendment right to confrontation was violated by the court's determination (*see Mattox*, 156 US at 242-243; *but see People v Powell*, 27 NY3d 523, 529-531).

We agree with defendant, however, that his Sixth Amendment right to confrontation was violated when the victim exercised her Fifth Amendment right to remain silent and refused to answer defense counsel's questions regarding the recantation of her testimony because the court failed in its duty "[to] explore whether [she] ha[d] essentially refused to testify on questions of matters so closely related to the commission of the crime[s] that [some or all of her] testimony . . . [from the first trial] should be stricken" (*People v Vargas*, 88 NY2d 363, 380 [internal quotation marks omitted]; *see People v Chin*, 67 NY2d 22, 28-29; *cf. People v Montes*, 16 NY3d 250, 253).  We note, too, that the victim's testimony is central to the People's case (*see Vargas*, 88 NY2d at 380) and, given that we have previously determined that the evidence against defendant is "less than overwhelming" (*Hicks*, 94 AD3d at 1484), we cannot conclude that the court's error is harmless (*see id.; see generally People v Crimmins*, 36 NY2d 230, 237).

     We therefore reverse the judgment and grant a new trial on counts one, two and four of the indictment.  In the interest of judicial economy, we exercise our power to review as a matter of discretion in the interest of justice defendant's contention that the court failed to rebut the presumption of vindictiveness when it imposed a greater sentence than was imposed following the first trial (*see* CPL 470.15 [6] [b]; *see also People v Bludson*, 15 AD3d 912, 912, *lv denied* 4 NY3d 827, *reconsideration denied* 5 NY3d 785).  The People correctly concede that the court failed to identify " 'conduct on the part of the defendant occurring after the time of the original sentencing proceeding' " to justify an increased sentence (*People v Rice*, 224 AD2d 972, 972, quoting *North Carolina v Pearce*, 395 US 711, 726), and thus we conclude that the court erred in increasing the sentence after the retrial (*see People v Rogers*, 56 AD3d 1173, 1174, *lv denied* 12 NY3d 787).

Entered:  September 30, 2016						Frances E. Cafarell
								Clerk of the Court