Hicks v State of New York (2020 NY Slip Op 00769)





Hicks v State of New York


2020 NY Slip Op 00769


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1231 CA 19-01051

[*1]RAYLAND L. HICKS, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 130452.) 






BURKWIT LAW FIRM, PLLC, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered December 7, 2018. The order granted the motion of defendant to dismiss the amended claim and for a sealing order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for wrongful conviction and imprisonment pursuant to Court of Claims Act § 8-b, claimant appeals from an order granting the motion of defendant, State of New York (State), seeking to dismiss the amended claim and for a sealing order. We affirm.
Claimant was convicted of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]) arising out of the alleged assault of his former girlfriend in her home. He was sentenced to 12½ years in prison. On appeal from the judgment of conviction, this Court held that County Court erred in precluding testimony from a defense witness, reversed the judgment of conviction, and granted a new trial (People v Hicks, 94 AD3d 1483, 1484 [4th Dept 2012]). A second trial was held, and claimant was convicted again of the same counts. On appeal, this Court reversed that judgment of conviction on the ground that claimant's Sixth Amendment right to confrontation was violated and granted a new trial (People v Hicks, 142 AD3d 1333, 1335 [4th Dept 2016]). Prior to the start of the third trial, the court granted claimant's motion to dismiss the indictment with prejudice because the People failed to present proof due to the former girlfriend's failure to appear in court.
A defendant unjustly convicted may recover damages under section 8-b of the Court of Claims Act where the "judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the [judgment] of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of [certain enumerated grounds, including, as relevant here,] paragraph . . . (g) of subdivision one of section 440.10 of the criminal procedure law"
(§ 8-b [3] [b] [ii]). CPL 440.10 (1) (g) permits vacatur of a judgment of conviction on the ground that "new evidence has been discovered since the entry of a judgment, which could not have been produced at trial with due diligence and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant' " (People v McFarland, 108 AD3d 1121, 1121 [4th Dept 2013], lv denied 24 NY3d 1220 [2015]).
In order " [t]o defeat a motion to dismiss, the statute places the burden on the claimant to provide the requisite documentary evidence' establishing that the judgment of conviction was reversed and the indictment was dismissed pursuant to one of the grounds listed in section 8-b (3) (b) of the Court of Claims Act" (Scheidelman v State of New York, 151 AD3d 1691, 1693 [4th Dept 2017]). Contrary to claimant's contention that his judgment of conviction was reversed on CPL 440.10 (1) (g) newly discovered evidence grounds, the judgment of conviction was reversed by this Court on the ground that claimant's Sixth Amendment right to confrontation was violated (see CPL 440.10 [1] [h]). Thus, because paragraph (h) of CPL 440.10 (1) is " not enumerated in Court of Claims Act § 8-b (3) (b) (ii), the [court] properly dismissed the claim' " (Jeanty v State of New York, 175 AD3d 1073, 1075 [4th Dept 2019]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court