Manes v State of New York (2020 NY Slip Op 02405)





Manes v State of New York


2020 NY Slip Op 02405


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


223.1 CA 20-00181

[*1]SIDNEY MANES, AS ADMINISTRATOR OF THE ESTATE OF HECTOR RIVAS, DECEASED, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 131715.) (APPEAL NO. 2.)






BLOCK, O'TOOLE & MURPHY, LLP, NEW YORK CITY (AMEER BENNO OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Richard E. Sise, J.), entered July 17, 2019. The order granted claimant's motion insofar as it sought leave to reargue and, upon reargument, adhered to the prior determination to grant defendant's motion to dismiss claimant's claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, as administrator of the estate of Hector Rivas, commenced this action pursuant to Court of Claims Act § 8-b, seeking damages based on allegations that Rivas was unjustly convicted and imprisoned by defendant, State of New York (State). The State moved to dismiss the claim. Claimant did not submit any papers in opposition to the motion, and the Court of Claims granted the motion and dismissed the claim on, inter alia, the ground that Rivas's conviction was not vacated on one of the grounds enumerated in section 8-b. Claimant thereafter moved to vacate the order dismissing the claim or, in the alternative, for leave to reargue his opposition to the State's motion, and the court denied the motion insofar as it sought to vacate the prior order. In appeal No. 1, claimant appeals from the order granting the State's motion to dismiss the claim. In appeal No. 2, claimant appeals from the order denying his motion insofar as it sought to vacate the prior order of dismissal.
At the outset, we note that, in his efforts to secure relief from the order in appeal No. 1, claimant characterized his motion as one to vacate a "default" order pursuant to CPLR 5015 as well as a motion for leave to reargue pursuant to CPLR 2221 (d). In deciding claimant's motion, the court considered and rejected the substantive arguments that claimant would have raised in opposition to the State's motion to dismiss had he submitted opposition papers. Therefore, although the order in appeal No. 2 does not state as much, it is clear to this Court that the court, in effect, granted claimant's motion insofar as it sought leave to reargue and, upon reargument, adhered to its original determination. We therefore dismiss the appeal from the order in appeal No. 1 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
Addressing claimant's contentions in appeal No. 2, we conclude that the State's omission of a return date from its notice of motion to dismiss the claim should be disregarded (see Brummer v Barnes Firm, P.C., 56 AD3d 1177, 1178-1179 [4th Dept 2008]; see also Matter of Bender v Lancaster Cent. Sch. Dist., 155 AD3d 1590, 1591 [4th Dept 2017]; see generally CPLR 2001). We note that any prejudice initially faced by claimant as a result of his failure to oppose the State's motion was cured when the court accepted and considered the substance of that opposition in determining claimant's subsequent motion.
We reject claimant's further contention that the court erred in granting the State's motion to dismiss the claim. As relevant here, "[t]o recover under Court of Claims Act § 8-b in the absence of an acquittal upon retrial, . . . the criminal judgment must have been reversed or vacated on one or more statutorily enumerated grounds" (Jeanty v State of New York, 175 AD3d 1073, 1074 [4th Dept 2019]; see § 8-b [3] [b] [ii]; Long v State of New York, 7 NY3d 269, 274 [2006]), i.e., those set forth in CPL 440.10 (1) (a), (b), (c), (e), and (g) (see Court of Claims Act § 8-b [3] [b] [ii]). Here, however, the United States Court of Appeals, Second Circuit, reversed Rivas's judgment of conviction based solely upon that Court's conclusion that Rivas received ineffective assistance of counsel (Rivas v Fischer, 780 F3d 529, 552 [2d Cir 2015]). Ineffective assistance of counsel implicates only CPL 440.10 (1) (h), which is not a ground enumerated in Court of Claims Act § 8-b (3) (b) (ii) (see Baba-Ali v State of New York, 19 NY3d 627, 636 [2012]). Therefore, the court properly dismissed the claim (see Hicks v State of New York, 179 AD3d 1521, 1522 [4th Dept 2020]; Jeanty, 175 AD3d at 1075).
We also reject claimaint's contention that he alleged a sufficient Court of Claims Act § 8-b claim because the Second Circuit's decision implicitly supports reversal of Rivas's conviction based on one or more of the statutorily enumerated grounds. Section 8-b "looks only to the actual basis for the vacatur of the underlying criminal judgment, not to the alternative potential grounds for vacatur" (Jeanty, 175 AD3d at 1075 [emphasis added], citing Baba-Ali, 19 NY3d at 636-637).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court