People v Meyers (2020 NY Slip Op 06897)





People v Meyers


2020 NY Slip Op 06897


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


826 KA 17-00658

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD R. MEYERS, DEFENDANT-APPELLANT. 






JAMES S. HINMAN, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 3, 2017. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree, criminal sexual act in the second degree and sexual abuse in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), criminal sexual act in the second degree (§ 130.45 [1]), and sexual abuse in the second degree (§ 130.60 [2]). In the indictment and bill of particulars, the People alleged that the course of sexual conduct against the child occurred "[o]n or about and between July 30, 2010 and June 25, 2014." Despite a demand from the prosecution, defendant never served any notice of alibi pursuant to CPL 250.20 (1). During the first trial, which ended in a mistrial, and again at the second trial, the People established that the night of July 30, 2010 was the night that defendant's friend passed away and the night that one of the acts of sexual conduct occurred. That friend's father testified at the first trial that defendant was at the friend's house for some period of time that night. At the second trial, defendant again called the friend's father to testify, and he testified that defendant was at the friend's house until 1:00 a.m. on the night of the friend's death. Defendant thereafter sought to have his sister testify that she picked up defendant from the friend's house and that defendant spent the remainder of that night at her house. County Court precluded that testimony on the ground that defendant failed to file any notice of alibi. We reject defendant's contention that the court abused its discretion in precluding that alibi testimony.
Contrary to defendant's contention, the testimony constituted alibi evidence inasmuch as the victim testified at the second trial that defendant arrived at the location where the victim was staying between 10:00 p.m. and 11:00 p.m. on that night and that, sometime during that night, he committed acts of oral and anal sexual conduct against her. Given that the crime occurred sometime after 10 or 11 p.m. and the testimony of defendant's sister would have placed him at a different location during the time frame of one of the "particular incident[s]" of the continuing crime (Matter of Block v Ambach, 73 NY2d 323, 334 [1989]), we conclude that the notice requirements of CPL 250.20 (1) applied (cf. People v Hicks, 94 AD3d 1483, 1484 [4th Dept 2012]; People v Bennett, 128 AD2d 540, 540 [2d Dept 1987], lv denied 69 NY2d 1001 [1987]).
We further conclude that the court did not abuse its discretion in precluding that alibi evidence (see CPL 250.20 [3]). There was no "good cause" for defendant's failure to file a notice of alibi (CPL 250.20 [1]). Even if defense counsel did not learn of the sister's potential alibi testimony until the second trial, defendant would have known from the time of the first trial, i.e., when a date in the indictment was linked to a specific event, whether he was with anyone on that night (see People v Batchilly, 33 AD3d 360, 361 [1st Dept 2006], lv denied 7 NY3d 900 [2006], reconsideration denied 8 NY3d 878 [2007]; People v Whitehead, 305 AD2d 286, 287 [*2][1st Dept 2003], lv denied 100 NY2d 600 [2003]). In our view, "[t]he emergence of the alibi witness at the eleventh hour indicated that her proposed testimony was a product of recent fabrication . . . and warrants a finding of willful conduct on the part of defendant, personally" (People v Walker, 294 AD2d 218, 219 [1st Dept 2002], lv denied 98 NY2d 772 [2002]; see Batchilly, 33 AD3d at 361).
We further conclude that the court did not err in permitting expert testimony on child sexual abuse accommodation syndrome (CSAAS) at the second trial even though it had precluded such testimony at the first trial. Such testimony helped to explain the victim's behavior during the years of sexual abuse (see generally People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]) and, contrary to defendant's contention, it did not serve to bolster the victim's testimony (cf. People v Ruiz, 159 AD3d 1375, 1376 [4th Dept 2018]).
Defendant finally contends that he was denied effective assistance of counsel based on defense counsel's failure to file an alibi notice and failure "to identify, or utilize an expert in relation" to the CSAAS testimony. We reject that contention. With respect to the failure to secure opposition CSAAS testimony,
" '[d]efendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (People v Kilbury, 83 AD3d 1579, 1580 [4th Dept 2011], lv denied 17 NY3d 860 [2011]; see People v Englert, 130 AD3d 1532, 1533 [4th Dept 2015], lv denied 26 NY3d 967 [2015], lv denied 26 NY3d 1144 [2016]). Defendant's contention with respect to defense counsel's failure to file an alibi notice involves matters outside the record on direct appeal and, as a result, must be raised in a CPL 440.10 motion (see e.g. People v Williams [appeal No. 2], 175 AD3d 980, 981 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]; People v Almonte, 171 AD3d 470, 471 [1st Dept 2019], lv denied 33 NY3d 1102 [2019]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court