People v Young (2022 NY Slip Op 03628)

People v Young

2022 NY Slip Op 03628

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

370 KA 20-00325

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALE T. YOUNG, JR., ALSO KNOWN AS DALE T. YOUNG, ALSO KNOWN AS DALE YOUNG, JR., ALSO KNOWN AS DALE THOMAS YOUNG, JR., DEFENDANT-APPELLANT. 

HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK T. HOUSH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered January 27, 2020. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the third degree (three counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of three counts of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and one count of endangering the welfare of a child (§ 260.10 [1]). We affirm.
Defendant contends that County Court should have precluded the testimony of the People's expert on child sexual abuse accommodation syndrome (CSAAS) based on the lack of timely notice concerning the expert's testimony. We reject that contention. " 'Pretrial discovery in criminal proceedings is governed by statute,' " and defendant has "identifie[d] no statute [in effect at the time of his trial] requiring the People to provide discovery concerning the identity of the expert or the content of her testimony" (People v Ruiz, 159 AD3d 1375, 1376 [4th Dept 2018]; see People v Austen, 197 AD3d 861, 861 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]).
We also reject defendant's related contention that the court abused its discretion in admitting in evidence the testimony of the expert regarding CSAAS. Such testimony is admissible "for the purpose of explaining behavior that might be puzzling" to a trier of fact (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; see People v Nicholson, 26 NY3d 813, 828 [2016]), including the court in a nonjury trial (see People v Williams, 20 NY3d 579, 583-584 [2013]). Expert testimony concerning CSAAS "is admissible to explain the behavior of child sex abuse victims as long as it is general in nature and does not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred" (People v Drake, 138 AD3d 1396, 1398 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see People v Diaz, 20 NY3d 569, 575-576 [2013]; Williams, 20 NY3d at 583-584). Here, "[a]lthough some of the testimony discussed behavior similar to that alleged by the [victim] in this case, the expert spoke of such behavior in general terms" and, "[i]n addition, the [court] heard the expert testify that she was not aware of the facts of the particular case, did not speak with the [victim] and was not rendering an opinion as to whether sexual abuse took place" (Diaz, 20 NY3d at 575-576; see Austen, 197 AD3d at 862; cf. Ruiz, 159 AD3d at 1376-1377). Contrary to defendant's contention, we conclude that "the expert's testimony, grounded in [her] professional knowledge and training, provided relevant information outside the ken of the [trier of fact] and was properly admitted" (Nicholson, 26 NY3d at 829; see Williams, 20 NY3d at 584).
Defendant further contends that he was denied effective assistance of counsel based on defense counsel's purported failures to adequately challenge and respond to the testimony of the People's expert regarding CSAAS. We reject that contention. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]) and, here, defense counsel had no legitimate basis to further object to the expert's testimony as constituting improper bolstering (see People v Meyers, 188 AD3d 1732, 1734 [4th Dept 2020]; People v Englert, 130 AD3d 1532, 1533-1534 [4th Dept 2015], lv denied 26 NY3d 967 [2015], lv denied 26 NY3d 1144 [2016]). To the extent that defendant asserts that defense counsel was ineffective in failing to conduct an adequate cross-examination of the expert, we conclude that defendant's assertion lacks merit. Defense counsel "carefully highlighted on cross-examination that CSAAS was not a diagnostic tool for proving whether sexual abuse had occurred or whether the victims' accounts were truthful . . . and [elicited acknowledgments] that the . . . expert could give no evidence with respect to the ultimate issue of the case, i.e., defendant's guilt," and that children are capable of making false accusations (People v Mirabella, 187 AD3d 1589, 1590 [4th Dept 2020], lv dismissed 36 NY3d 930 [2020] [internal quotation marks omitted]; see People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). Defendant's "simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" to demonstrate that he was denied effective assistance of counsel (People v Flores, 84 NY2d 184, 187 [1994]). Defendant's assertion that defense counsel was ineffective in failing to secure opposing CSAAS testimony lacks merit inasmuch as defendant "has not demonstrated that such testimony was available, that it would have assisted the [court] in its determination or that he was prejudiced by its absence" (Meyers, 188 AD3d at 1734 [internal quotation marks omitted]; see Englert, 130 AD3d at 1533).
Defendant failed to preserve for our review his contention that the People did not establish an adequate chain of custody with respect to the clothes obtained during the investigation and the DNA results derived therefrom inasmuch as he did not object to the admission of that evidence (see People v Irizarry, 160 AD3d 1384, 1386 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]). In any event, "[t]he testimony presented at the trial sufficiently established the authenticity of that evidence through reasonable assurances of identity and unchanged condition" (People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007] [internal quotation marks omitted]; see People v Julian, 41 NY2d 340, 342-343 [1977]), and thus "any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility" (People v Kennedy, 78 AD3d 1477, 1478 [4th Dept 2010], lv denied 16 NY3d 798 [2011]; see People v Hawkins, 11 NY3d 484, 494 [2008]).
To the extent that defendant contends that the evidence is legally insufficient to support the conviction, that contention is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Finally, to the extent that defendant contends that the verdict is against the weight of the evidence, we reject that contention. Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, even assuming, arguendo, that an acquittal would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court