People v Ashton (2024 NY Slip Op 04004)

People v Ashton

2024 NY Slip Op 04004

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

495 KA 23-00631

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIRK ASHTON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 23, 2022. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree (7 counts), course of sexual conduct against a child in the second degree (7 counts) and endangering the welfare of a child (10 counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of 7 counts of sexual abuse in the first degree (Penal Law § 130.65 [4]), 7 counts of course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]) and 10 counts of endangering the welfare of a child (EWOC) (§ 260.10 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict following the same jury trial of 4 counts of sexual abuse in the first degree (§ 130.65 [4]), 10 counts of course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]) and 8 counts of EWOC (§ 260.10 [1]). The convictions arise from allegations that defendant, during the years from 2012 to 2021 and while employed as a principal of an elementary school, sexually abused 26 boys who attended the school.
Defendant contends that Supreme Court erred in failing to discharge a juror as "grossly unqualified," or at least conduct an inquiry of the juror, after the juror was observed allegedly sleeping during a readback of testimony during jury deliberations (see CPL 270.35 [1]). We reject that contention. " 'A determination whether a juror is unavailable or grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court' " (People v Jean-Philippe, 101 AD3d 1582, 1582 [4th Dept 2012]). Here, defense counsel brought to the court's attention that, during the readback of testimony, he observed a juror who had to be woken by the court. The court stated that it was watching "pretty carefully" and observed the juror's head nodding a few times. The court stopped the court reporter during the readback and, after that point, the juror never nodded again. The court also noted for the record that the juror heard the same testimony during the trial. "Inasmuch as 'the court had the benefit of its own observations, further inquiry was not required' " and the court did not abuse its discretion in not disqualifying the juror (People v Hurst, 113 AD3d 1119, 1121 [4th Dept 2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1021 [2014]; see People v Moore, 242 AD2d 882, 882 [4th Dept 1997], lv denied 91 NY2d 835 [1997]).
Defendant failed to preserve for our review his further contention that he was denied a fair trial based on the testimony of an expert with respect to child sexual abuse accommodation syndrome (CSAAS) (see People v Goupil, 104 AD3d 1215, 1216 [4th Dept 2013], lv denied 21 NY3d 943 [2013]). In any event, that contention is without merit. "[E]xpert testimony concerning CSAAS 'is admissible to explain the behavior of child sex abuse victims as long as it [*2]is general in nature and does not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred' " (People v Lathrop, 171 AD3d 1473, 1473 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]). Here, the expert's generalized testimony regarding grooming and the principal-student relationship, which provided further context and support for his explanation of CSAAS that child victims exhibit secrecy and helplessness, did not exceed permissible bounds (see People v Meyers, 188 AD3d 1732, 1734 [4th Dept 2020]; Lathrop, 171 AD3d at 1473-1474).
We reject defendant's contention that three of the EWOC counts were dismissed by operation of law. CPL 300.40 (7) provides that any count of an indictment not submitted to the jury is deemed to have been dismissed by the court. While the court failed to charge the jury with respect to those three specific counts, the jury was charged on the material principles for the counts, the counts were submitted to the jury on the verdict sheet and the jury reached a verdict on them (cf. People v Williams, 133 AD2d 717, 718-719 [2d Dept 1987]; see generally People v Faux, 124 AD2d 20, 22 [4th Dept 1987], lv denied 69 NY2d 827 [1987]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgments.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court