THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* GEORGE J. MERHIGE, Respondent.

Third Department, December 28, 1972.

*Con G. Cholakis, District Attorney (Peter R. Kehoe* of counsel), for appellant.

*M. Andrew Dwyer, Jr.,* for respondent.

SWEENEY, J. This is an appeal from an order of the County Court of Rensselaer County, entered October 18, 1971, which granted defendant's motion to dismiss the indictment.

By two separate indictments, defendant was charged with assault third degree and resisting arrest involving incidents which allegedly occurred on December 24 and 25, 1969. On June 9, 1971 defendant was tried and acquitted on the assault charge and successfully moved to dismiss the remaining indictment on the ground that it was insufficient on its face. The court, however, granted the District Attorney permission to resubmit the charge to the Grand Jury within 10 days, or the dismissal would become final. The matter was resubmitted on June 30, 1971 and defendant was again indicted. He then moved to dismiss on the ground that the District Attorney failed to resubmit within the 10-day period of limitation. The court granted the motion on the merits.

Reversal is urged on the sole ground that the court did not have authority to impose a time limitation on the permission to resubmit. The People contend that the statute involved must be strictly construed so as to limit any resubmission to the same or another Grand Jury. Since the indictment was dismissed on October 6, 1971, a date subsequent to the date on which the CPL became effective, the provisions of that law govern this appeal. The pertinent part of the statute provides as follows: " [T]he court may, upon application of the people, in its discretion *authorize the people to submit the charge or charges to the same or another grand jury* " (CPL 210.20, subd. 4; emphasis supplied).

This statute, among other things, enables the prosecution to be apprised of technical defects in the indictment prior to trial and affords an opportunity to remedy such defects by resubmission. At the same time the statute protects the defendant from further prosecution when the impediment is of an inherently fatal nature. In the instant case the court concluded in its discretion that the prosecution should be allowed to resubmit the charge. The question on this appeal, therefore, narrows to whether or not the court had the power to limit the time of resubmission to 10 days.

The language of the statute is clear on its face and there is no need for recourse to the traditional principles of construction. It is manifest that the court has the discretion either to allow or deny resubmission. If resubmission is permitted, however, it may be accomplished only as expressly provided in the statute, i.e., *to the same or another grand jury*. (Emphasis added.) Consequently, it is our opinion that the court did not have the power to deviate from this explicit statutory provision and direct resubmission with a time limitation. Such a practice could unduly hamper and interfere with the operations of the office

of the District Attorney. In some instances it could conceivably enable the defendant to go free without resubmission of the charge, when such was not the court's intention. This could occur, for example, due to the unavailability of witnesses, the illness of jurors, or of members of the District Attorney's staff, and for countless other reasons. In summary, we conclude, as urged by appellant, that the statute has outlined the procedure for resubmission and it should be strictly followed.

The order should be reversed, on the law, and the indictment reinstated.

STALEY, JR., J. P., COOKE, SIMONS and KANE, JJ., concur.

Order reversed, on the law, and indictment reinstated.