■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY SHAW, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Myers, J.), rendered August 31, 1988, convicting defendant of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree and sentencing him to two concurrent indeterminate prison terms of 3 to 6 years' incarceration, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice and the matter remanded for a new trial.

In the case at bar, the court marshaled the evidence in a prejudicial and uneven manner, improperly favoring the Peo-

ple. *(See, e.g., People v Hall,* 155 AD2d 344 [1st Dept 1989]; *People v Roman,* 149 AD2d 305 [1st Dept 1989]; *see generally, People v Bell,* 38 NY2d 116, 121 [1975].) Moreover, the court exacerbated the error by telling the jury, "I am not entirely clear what the defense to this action is, I am not going to characterize it in any way. You heard it and you have to determine for yourself what it is."

Furthermore, in charging the jury regarding identification, the court provided an illustration which improperly bolstered the testimony of the People's witnesses. *(See, People v Hall, supra; People v Roman, supra; People v Lane,* 143 AD2d 581, 582 [1988].) Finally, in this case where the defense presented no evidence at trial, the court's reasonable doubt charge included the remark "you must review all of the evidence in this case, accepting that which you believe to be truthful and rejecting that which you believe to be false, *if indeed you believe that any of it is false"* (emphasis added). This diminution of the People's duty to prove defendant guilty beyond a reasonable doubt constituted error. *(People v Roman, supra,* 149 AD2d 305, 306.)

Because these errors served to deprive defendant of his constitutional right to a fair trial, we reverse and remand for a new trial. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.