■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PHILLIPS, Appellant. [602 NYS2d 962] —White, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 12, 1991, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is evident that, in his cross-examination of the People's witnesses, defendant was attempting to establish an agency defense by portraying himself merely as a conduit for the passage of cocaine from the seller to the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). Accordingly, we find that County Court did not err in permitting the People to introduce into evidence a taped conversation between defendant and the confidential police informant relating to a future illegal sale of cocaine for the purpose of rebutting the agency defense *(see, People v Mann,* 31 NY2d 253; *People v Calvano,* 30 NY2d 199; *People v Chaires,* 171 AD2d 955, *lv denied* 78 NY2d 963).

In light of the fact that defendant is a second felony offender who had 19 criminal convictions over a span of 19 years, we find that the 12½ to 25-year prison sentence imposed upon his conviction of the crime of criminal sale of a

controlled substance in the third degree is not excessive *(see, People v Price,* 188 AD2d 681, *lv denied* 81 NY2d 891).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).