■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES REYES, Appellant. [605 NYS2d 907] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 11, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree for killing his girlfriend's four-year-old son while he was babysitting for the child. The proof adduced by the prosecution established that the defendant punched the child three times in the abdominal region causing internal injuries and his death.

At the pretrial hearing, the defendant challenged the admissibility of exculpatory oral and written statements, and an inculpatory oral statement which he gave to the police. The defendant argued, inter alia, that the statements were made during a custodial interrogation, without the administration of Miranda warnings, and in violation of his right to counsel. The hearing court rejected these contentions, concluding that the defendant made the exculpatory statements voluntarily, in

a noncustodial setting and, although the defendant was in custody when he made the inculpatory statement, he knowingly and voluntarily waived his right to remain silent and his right to counsel. We agree.

It is well settled that a hearing court's determination is to be accorded great deference on appeal and will not be disturbed absent a clear showing that it is unsupported by the record (see, People v Cartier, 149 AD2d 524, cert denied 495 US 906; People v Lewis, 138 AD2d 632). In the present case, we discern no basis in the record to upset the hearing court's factual determinations and its assessment of the witnesses' credibility.

The defendant's challenge to the People's amendment to the bill of particulars prior to trial is also without merit. The amendment was statutorily permissible (see, CPL 200.95 [8]), and did not prejudice the defendant.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Bryce, 174 AD2d 945). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find no basis to disturb the defendant's sentence. The mere fact that the defendant suffers from acquired immune deficiency syndrome is not, by itself, a ground for reducing an otherwise appropriate sentence (see, People v Watts, 162 AD2d 567; People v Holley, 162 AD2d 469).

Finally, the defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review, without merit, or do not warrant reversal. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.