■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WITKO, Appellant. [625 NYS2d 324] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered July 26, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in a two-count indictment with the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Upon defendant's demand, the People served a bill of particulars which alleged that the sale and possession crimes both occurred at one specific address in the City of Rensselaer, Rensselaer County. During his opening statement, the prosecutor stated that the possession crime charged in count two of the indictment occurred at a location in Rensselaer that was different from the address specified in the bill of particulars. Defendant moved to dismiss count two of the indictment and the People moved to amend the bill of particulars to allege that the crime charged in count two of the indictment occurred at both locations in Rensselaer. County Court denied defendant's motion and granted the People's motion.

At the conclusion of the trial, the jury found defendant guilty of the crime charged in count one of the indictment and not guilty of the crime charged in count two. Defendant's motion to set aside the verdict was denied and he was subsequently sentenced to a term of imprisonment of 3 to 9 years.

On this appeal, defendant contends that County Court erred in permitting the People to amend the bill of particulars in regard to the location of the crime charged in count two of the indictment. We reject defendant's contention that the People changed the theory of the prosecution by altering the address in Rensselaer where the criminal possession of the controlled substance allegedly occurred (see, People v Parker [Clinton], 186 AD2d 157, lv denied 80 NY2d 1029). Accordingly, in the absence of any evidence that the prosecutor acted in bad faith, County Court properly permitted the amendment unless it

resulted in undue prejudice to defendant *(see,* CPL 200.95 [8]; *People v Parker [Clinton], supra).* County Court offered the defense a continuance and defendant was ultimately acquitted of the crime charged in count two. Nevertheless, defendant maintains he was prejudiced because the amendment insulated count two from dismissal and, therefore, defendant elected not to testify to establish an agency defense as to the crime charged in count one because he did not want to testify about the events encompassed by count two. The argument is meritless.

Even if count two had been dismissed and defendant had elected to testify, he could have been questioned about his subsequent possession of drugs packaged similar to those sold as part of the crime charged in count one. Such evidence is relevant to defendant's intent and is admissible to rebut the defense of agency *(see, People v Phillips,* 197 AD2d 793, *lv denied* 82 NY2d 929; *People v Castaneda,* 173 AD2d 349, *lv denied* 78 NY2d 963; *see also, People v Ingram,* 71 NY2d 474, 480-481). County Court properly permitted the amendment to the bill of particulars, which also establishes the propriety of County Court's denial of defendant's motions to dismiss count two of the indictment and to set aside the verdict.

Defendant's remaining contention concerns the severity of the sentence, but the sentence was substantially less than the harshest possible, and we see no clear abuse of discretion or other extraordinary circumstances *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899). The judgment of conviction should be affirmed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).