■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAY WRIGHT, Appellant. [785 NYS2d 809]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 11, 2001, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts) and criminal trespass in the first degree.

For his part in an armed robbery on August 26, 2000, defendant was found guilty by a jury of two counts of robbery in the first degree and one count of criminal trespass in the first degree. Sentenced as a second felony offender to concurrent 10-year prison terms on each robbery count and a concurrent 3 to 6-year prison term on the criminal trespass count, defendant appeals. Of the three issues raised on appeal, none has merit. Accordingly, we affirm.

We turn first to the propriety of County Court's decision to permit the People to re-present defendant's case to the grand jury after a robbery count charged in an initial indictment was dismissed for a defect in that pleading. The robbery count under the initial indictment failed to identify a particular victim, instead alleging that defendant committed the act against "a group of people." County Court ruled that this language rendered the count duplicitous, that is, impermissibly charging more than one crime (see CPL 200.30), and dismissed it. The court, however, granted the People's subsequent motion to re-present to the grand jury and defendant was thereafter charged with, among other crimes, two counts of robbery in the first degree against two identified individuals. Contrary to defendant's contention, County Court did not abuse its discretion in permitting re-presentment under these circumstances (see CPL 210.20 [4]; People v Tolle, 144 AD2d 963, 964 [1988], lv denied 73 NY2d 927 [1989]; People v Merhige, 40 AD2d 223, 224 [1972]; see generally People v Morris, 93 NY2d 908 [1999]).

Defendant next contends that County Court erred in permitting the People to amend their bill of particulars a second time after the commencement of trial in the absence of a formal mo-

tion. This argument suffers from one major flaw, namely, the amendment was made by the People prior to jury selection and was therefore statutorily permissible (*see* CPL 200.95 [8]; *see also People v Reyes*, 198 AD2d 449, 450 [1993], *lv denied* 83 NY2d 809 [1994]). In any event, the amendment merely narrowed the description of the weapon utilized by defendant during the course of the robbery from "a pistol, revolver or other firearm" to simply "a pistol or revolver." This limitation did not expand or alter the theory of the People's case, prompt a request for an adjournment by defense counsel, prejudice defendant in any way or stem from bad faith on the part of the People (*see e.g. People v Lewis*, 277 AD2d 1010, 1011 [2000], *lv denied* 96 NY2d 736 [2001]; *People v West*, 271 AD2d 806, 807-808 [2000], *lv denied* 95 NY2d 893 [2000]; *People v Wilson*, 252 AD2d 960, 961 [1998], *lv denied* 92 NY2d 931 [1998]; *People v Witko*, 214 AD2d 824, 824-825 [1995], *lv denied* 86 NY2d 805 [1995]; *People v Parker*, 186 AD2d 157 [1992], *lv denied* 80 NY2d 1029 [1992]). Under these circumstances, we find no abuse of discretion in permitting the amendment (*see People v West, supra* at 807-808).

Finally, defendant claims that his sentence was harsh and excessive in light of the lighter sentences received by others involved in the incident. We note that defendant did not receive the maximum allowable sentence, he has a prior criminal history and he was the mastermind of the subject robbery and, thus, we decline to reduce his sentence in the interest of justice (*see e.g. People v King*, 277 AD2d 708 [2000], *lv denied* 96 NY2d 802 [2001]; *People v Bailey*, 178 AD2d 232 [1991], *lv denied* 79 NY2d 997 [1992]).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.