■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ISAIAH JOHNSON, Appellant. [788 NYS2d 791]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 3, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that Supreme Court erred in admitting certain hearsay and opinion testimony in evidence and that reversal is required based on the erroneous admission of that testimony. Even assuming, arguendo, that the court erred in admitting the testimony in evidence, we nevertheless conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant's contention does not concern the testimony of the manager of the bank robbed by defendant, who was standing only a few feet away from defendant during the robbery. The bank manager activated the bank's alarm and then followed defendant when he left the bank. When defendant drove away from the bank, the bank manager pursued defendant in his own vehicle through the streets of Rochester. At some point during the chase, the dye pack in the money stolen by defendant exploded, and defendant opened the windows to his vehicle and proceeded to drive with his head protruding from the driver's window. The bank manager was again able to view defendant's face and, after defendant was apprehended, the bank manager identified defendant in a lineup. We conclude that the evidence of guilt apart from the hearsay and opinion testimony at issue is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error in the admission of that hearsay and opinion testimony (*see id.*). We further reject the contentions of defendant that he was denied a fair trial based on prosecutorial misconduct (*see generally People v Galloway*, 54 NY2d 396, 401 [1981]) and that he was deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.