■ In the Matter of WALTER PHILLIPS, Appellant, v GLENN GOORD et al., Respondents. [790 NYS2d 709]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents to credit the petitioner with a specified number of days against his prison sentence, the petitioner appeals from an order of the Supreme Court, Dutchess County (LaCava, J.), dated October 30, 2001, which denied his motion (a) to vacate an order of the same court dated March 29, 2000, granting the respondents' motion for leave to renew and reargue his prior motion for leave to enter a judgment against them upon their failure to answer, which had been granted in an order of the same court dated June 16, 1999, and upon renewal and reargument, and upon the petitioner's default in opposing the motion, in effect, vacated the order dated June 16, 1999, and (b), in effect, for leave to reargue the order dated March 29, 2000.

Ordered that the appeal from so much of the order as denied that branch of the motion which was, in effect, for leave to reargue, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

That branch of the petitioner's motion which was denominated as one for leave to renew and reargue was not based on new facts which were unavailable at the time of the original motion. Therefore, that branch of the motion was, in effect, for leave to reargue, the denial of which is not appealable (*see Meehan v David J. Hodder & Son, Inc.,* 13 AD3d 593 [2004]; *Duffy v Wetzler,* 260 AD2d 596, 597 [1999]).

A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a meritorious defense to the motion (*see* CPLR 5015 [a] [1]; *Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]; *Fennell v Mason,* 204 AD2d 599

[1994]). Here, the petitioner failed to offer a reasonable excuse for the default and a meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in declining to vacate the petitioner's default.

The record establishes that on October 28, 1993, the Appellate Division, Third Department, affirmed the petitioner's 1991 conviction of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and remitted the case to the County Court, Albany County, for further proceedings in accordance with CPL 460.50 (5) (*see People v Phillips,* 197 AD2d 793 [1993]). It is undisputed that on November 5, 1993, the District Attorney of Albany County, at the direction of the County Court, forwarded a letter to the defendant at his then-current address and to his attorney of record, advising the defendant of the disposition of his appeal and of his obligation to surrender to the court on November 12, 1993, to begin serving his sentence (*see* CPL 460.50 [5]). Accordingly, contrary to the defendant's contention, he was not entitled to any credit against his prison sentence (*see People ex rel. Dinitz v Hunter,* 130 AD2d 533 [1987]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.