■ RAMON ALMONTE et al., Respondents, v WESTERN BEEF, INC., Appellant, et al., Defendants. [800 NYS2d 738]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Western Beef, Inc., appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated June 16, 2003, which denied its motion, denominated as one for leave to renew and reargue, which was, in actuality, a motion for leave to reargue the plaintiffs' prior motion for leave to commence a direct action against it, which was granted in an order of the same court dated March 5, 2002.

Ordered that the appeal is dismissed, without costs or disbursements.

By order dated March 5, 2002, the Supreme Court granted the plaintiffs' motion for leave to commence a direct action against Western Beef, Inc. (hereinafter Western Beef), the corporation which employed the injured plaintiff, on the ground that its failure to comply with prior disclosure orders impaired the plaintiffs' ability to pursue claims against third-party tortfeasors. Over one year later, Western Beef moved for leave to renew and reargue the plaintiffs' motion. However, the only additional evidence it submitted to establish that it had complied with court-ordered disclosure was the deposition testimony of a witness produced by a codefendant several months after the original motion was decided. Contrary to Western Beef's contention, this deposition testimony did not constitute new evidence as contemplated by CPLR 2221 (e) (2) (*see Johnson v Marquez*, 2 AD3d 786 [2003]). Accordingly, Western Beef's motion was, in actuality, a motion solely for

leave to reargue, the denial of which is not appealable (see *Schneider v Schneider*, 16 AD3d 573 [2005]; *Matter of Pirrone v Town of Wallkill*, 6 AD3d 447 [2004]; *Koehler v Town of Smithtown*, 305 AD2d 550 [2003]). We further note that since Western Beef's prior appeal from the March 5, 2002, order was dismissed for lack of prosecution, it would ordinarily be precluded from relitigating issues which could have been raised on that appeal (see *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]; *Matter of Joy Bldrs., Inc. v Town of Clarkstown Planning Bd.*, 16 AD3d 416 [2005]; *Ruffing v Union Carbide Corp.*, 1 AD3d 339 [2003]). Prudenti, P.J., Adams, Krausman and Spolzino, JJ., concur.