■ NOEL WRIGHT, Appellant, v N.Y.C. HEALTH AND HOSPITALS CORP. et al., Respondents. [811 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 5, 2004, as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted as against the defendant N.Y.C. Health and Hospitals Corp. for failure to comply with General Municipal Law § 50-e, and (2) an order of the same court dated October 27, 2004, which denied that branch of the plaintiff's motion which was denominated as one for leave to renew and reargue but which was, in effect, for leave to reargue that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant N.Y.C. Health and Hospitals Corp., or, in the alternative, for leave to serve a late notice of claim against that defendant pursuant to General Municipal Law § 50-e.

Ordered that the order dated August 5, 2004, is reversed insofar as appealed from, that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant N.Y.C. Health and Hospitals Corp. is denied, and the complaint insofar as asserted against that defendant is reinstated; and it is further,

Ordered that the appeal from so much of the order dated October 27, 2004, as denied that branch of the plaintiff's motion which was denominated as one for leave to renew and reargue but which was, in effect, for leave to reargue is dismissed; and it is further,

Ordered that the order dated October 27, 2004, is reversed insofar as reviewed, and that branch of the plaintiff's motion which was for leave to serve a late notice of claim is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff initially served a notice of claim upon the defendant City of New York. Subsequently, the City and the defendant N.Y.C. Health and Hospitals Corp. (hereinafter HHC) entered into a stipulation with the plaintiff pursuant to which the parties deemed an amended notice of claim, dated December 2, 2003, to be "timely served nunc pro tunc." The defendants later moved, inter alia, to dismiss the complaint insofar as asserted against HHC on the ground that HHC was never properly served with the notice of claim. However, the stipulation entered into by HHC evidenced a waiver of its service objection (*see Matter of Feliciano v New York City Hous. Auth.*, 188 AD2d 296 [1992]). Under these circumstances, the amended notice of claim constituted good service upon HHC (*see* General Municipal Law § 50-e). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against HHC for failure to comply with General Municipal Law § 50-e and should have denied that branch of the plaintiff's motion which was for leave to serve a late notice of claim as unnecessary.

The branch of the plaintiff's motion which was denominated as one for leave to renew and reargue was, in effect, for leave to reargue that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against HHC, as it was not based on new facts which were unavailable at the time of the original motion (*see* CPLR 2221 [d], [e]). Thus, the appeal from so much of the order as denied that branch of the plaintiff's motion must be dismissed since no appeal lies from an order denying reargument (*see Almonte v Western Beef, Inc.*, 21 AD3d 516 [2005]; *Matter of Phillips v Goord*, 16 AD3d 422

[2005]). In any event, the appeal from so much of the order as denied that branch of the motion has been rendered academic by our determination on the appeal from the order dated August 5, 2004.

The defendants' remaining contentions are without merit. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.