People v Burke (2021 NY Slip Op 04857)





People v Burke


2021 NY Slip Op 04857


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


581 KA 19-00545

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MILTON BURKE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DONALD R. GERACE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MILTON BURKE, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered February 28, 2019. The judgment convicted defendant upon a jury verdict of attempted assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.
Addressing first defendant's contentions in his main brief, we reject his contention that County Court erred in granting the People's motion to amend the bill of particulars to list one of the precise locations where defendant allegedly possessed a firearm. Because "the amendment was made by the People prior to jury selection[,] [it] was . . . statutorily permissible" (People v Wright, 13 AD3d 803, 804 [3d Dept 2004], lv denied 4 NY3d 857 [2005]; see CPL 1.20 [11]; 200.95 [8]). Additionally, inasmuch as the amendment merely narrowed the description of the location where the crime occurred, it did not expand or alter the People's theory of the case, cause defendant undue prejudice, or demonstrate that the People acted in bad faith by seeking the amendment (see Wright, 13 AD3d at 804; People v Lewis, 277 AD2d 1010, 1011 [4th Dept 2000], lv denied 96 NY2d 736 [2001]).
Defendant's contention that the court's ruling precluding him from eliciting certain testimony from one of his own witnesses violated his constitutional right to confrontation is unpreserved for our review because defendant did not object on that basis at trial (see People v Liner, 9 NY3d 856, 856-857 [2007], rearg denied 9 NY3d 941 [2007]; People v Garcia, 2 AD3d 321, 322 [1st Dept 2003], lv denied 2 NY3d 740 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant contends that the court erred in precluding him from eliciting that testimony on the basis of hearsay, we conclude that the record is inadequate to permit appellate review of that contention (see generally People v Dye, 78 AD3d 1607, 1608 [4th Dept 2010], lv denied 16 NY3d 743 [2011]; People v Belair, 226 AD2d 1105, 1106 [4th Dept 1996]).
We reject defendant's contention that he was deprived of a fair trial because the prosecutor improperly acted as an unsworn witness on summation when he described the characteristics of and sound made by a .45 caliber firearm inasmuch as that isolated comment was not so egregious as to deny defendant a fair trial, especially given the instruction to the jury that an attorney's summation is not evidence (see generally People v Ashwal, 39 NY2d 105, 109-111 [1976]; People v Warmley, 179 AD3d 1537, 1538 [4th Dept 2020], lv denied 35 NY3d [*2]945 [2020]; People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]).
By objecting to the People's request, defendant preserved his contention challenging the court's decision to give the jury a missing witness instruction with respect to an alibi witness mentioned by defendant during his trial testimony (see CPL 470.05 [2]; People v Medina, 18 NY3d 98, 104 [2011]). We nevertheless reject defendant's contention because "the People established that the [alibi witness] would have provided testimony on a material issue in the case and would have testified favorably for defendant" (People v Carey, 162 AD3d 1476, 1477 [4th Dept 2018], lv denied 32 NY3d 936 [2018]; see People v Soto, 297 AD2d 567, 567 [1st Dept 2002], lv denied 99 NY2d 564 [2002]).
To the extent that defendant argues that the court erred in denying his motion for a trial order of dismissal, we conclude that, viewing "the evidence in the light most favorable to the People," there is a valid line of reasoning that could lead a rational person to the conclusion reached by the jury (People v Bay, 67 NY2d 787, 788 [1986]; see also People v Mansilla, 143 AD3d 1263, 1263 [4th Dept 2016], lv denied 29 NY3d 950 [2017]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Although defendant contends that he was deprived of his constitutional right to a speedy trial, we note that "defendant moved to dismiss the indictment on statutory speedy trial grounds only and thus failed to preserve for our review his present contention that he was denied his constitutional right to a speedy trial" (People v Walter, 138 AD3d 1479, 1479-1480 [4th Dept 2016], lv denied 27 NY3d 1141 [2016] [internal quotation marks omitted]; see People v Schillawski, 124 AD3d 1372, 1373 [4th Dept 2015], lv denied 25 NY3d 1207 [2015]; People v Weeks, 272 AD2d 983, 983 [4th Dept 2000], lv denied 95 NY2d 872 [2000]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We also reject defendant's contention that defense counsel was ineffective in failing to make that argument in the motion to dismiss because it had little or no chance of success (see People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Sweet, 98 AD3d 1252, 1253 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
We also reject defendant's contention in his main and pro se supplemental briefs that he was otherwise denied effective assistance of counsel. Defendant's contention with respect to defense counsel's failure to secure the testimony of an alibi witness involves matters outside the record and must be raised in a CPL 440.10 motion (see e.g. People v Barksdale, 191 AD3d 1370, 1371 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; People v Meyers, 188 AD3d 1732, 1734 [4th Dept 2020]; People v Scott, 181 AD3d 1220, 1220 [4th Dept 2020]). Contrary to defendant's contention, we conclude that defense counsel was not ineffective in failing to provide defendant with notice of his right to testify before the grand jury or to have him testify before the grand jury. The record belies defendant's contention that he did not receive notice of the grand jury proceedings. Additionally, with respect to defendant's argument that defense counsel was ineffective for not facilitating defendant's testimony before the grand jury, defendant did not establish that he was prejudiced by that purported failure or that the outcome would have been different if he had testified (see People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; People v Robinson, 151 AD3d 1701, 1701 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Indeed, we note that defendant did testify at trial and was nonetheless found guilty (see People v Hogan, 26 NY3d 779, 787 [2016]).
Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court