People v Rodriguez (2023 NY Slip Op 04262)

People v Rodriguez

2023 NY Slip Op 04262

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

342 KA 17-00978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PEDRO RODRIGUEZ, DEFENDANT-APPELLANT.

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 26, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).
Defendant contends that County Court erred in summarily denying that part of his omnibus motion that sought to suppress tangible evidence. Contrary to defendant's contention, the court properly determined, without a hearing, that defendant lacked standing to seek suppression of the cocaine found inside the discarded jacket. Defendant's motion did not contain sworn allegations of fact supporting the conclusion that he had standing to contest the search of the jacket (see People v Smith, 155 AD3d 1674, 1675 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Caldwell, 78 AD3d 1562, 1563 [4th Dept 2010], lv denied 16 NY3d 796 [2011]). Defendant further contends that he was denied effective assistance of counsel because defense counsel failed to request that the court revisit the issue whether defendant was entitled to a suppression hearing. We reject that contention. Defense counsel "was not ineffective in failing to [pursue] a suppression motion 'that ha[d] little or no chance of success' " (People v Mitchell, 132 AD3d 1413, 1415 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]).
Defendant's contention that the court abused its discretion in its Sandoval ruling is not preserved for our review (see CPL 470.05 [2]; People v Walker, 66 AD3d 1331, 1332 [4th Dept 2009], lv denied 13 NY3d 942 [2010]). In any event, we conclude that defendant's contention lacks merit. The court's Sandoval compromise "reflects a proper exercise of the court's discretion" (People v Thomas, 305 AD2d 1099, 1099 [4th Dept 2003], lv denied 100 NY2d 600 [2003]).
We also reject defendant's contention that certain statements made by the prosecutor in summation deprived him of a fair trial. The statements in question were " 'fair comment on the evidence and did not exceed the broad bounds of rhetorical comment permissible in closing argument' " (People v Jones, 208 AD3d 1632, 1634 [4th Dept 2022], lv denied 39 NY3d 986 [2022]). Even assuming, arguendo, that the prosecutor's statements were improper, we conclude that, viewing the prosecutor's "summation as a whole, those comments were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]).
Defendant's contention that the evidence is legally insufficient to support the conviction [*2]is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court